IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| EARNEST HAYES, # R-51310, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 18-cv-1387-MJR |
| ) | |
| SWINEY, ) | |
| JOHN HOLTON, ) | |
| OFFICER HANCOCK, ) | |
| ) | |
| Defendant. ) | |

# MEMORANDUM AND ORDER

**REAGAN, Chief Judge:**

Plaintiff Earnest Hayes, an inmate in Pinckneyville Correctional Center ("Pinckneyville"), brings this action for alleged deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. According to the Complaint, Plaintiff was the victim of excessive force in December 2017, resulting in facial injuries and a "serious head injury." Despite Plaintiff's obvious resulting injuries, Defendants allegedly denied him medical care. Plaintiff claims he still suffers from severe migraine headaches. Additionally, exhibits attached to the Complaint suggest that Plaintiff is still seeking medical treatment for his injuries and that he continues to have troubling interactions with his alleged attackers. In connection with these claims, Plaintiff seeks transfer to another facility, monetary damages, and the imposition of criminal charges against Defendants.

This case is now before the Court for a preliminary review of the Complaint (Doc. 1) pursuant to 28 U.S.C. § 1915A[1] and for consideration of Plaintiff's Motion for Leave to Proceed

---

[1] Under Section 1915A, the Court is required to screen prisoner complaints to filter out non-meritorious claims. See 28 U.S.C. § 1915A(a). The Court must dismiss any portion of the Complaint that is legally frivolous, malicious, fails

*in Forma Pauperis* ("IFP Motion") (Doc. 2). Plaintiff, who is a "three-striker," may not proceed IFP unless he is under "imminent danger of serious physical injury." *See* 28 U.S.C. § 1915(g).[2]

## The Complaint

**Conditions of Confinement**

In November 2017 for a "few" days, Plaintiff was housed in a cell with objectionable conditions (e.g., no toothpaste, no bedding, no toothbrush, and other unspecified "unsanitary conditions"). (Doc. 1, pp. 5-6). Additionally, on December 1, 2017, when Plaintiff was on suicide watch, he did not receive bedding, sheets, a mattress, shoes, a toothbrush, toothpaste, or soap, and Defendants allegedly denied him disinfectant to clean blood and urine in his cell. (Doc. 1, p. 6).

**Excessive Force, Failure to Intervene, and Medical Care**

According to the Complaint, on December 1, 2017, Defendants assaulted Plaintiff and/or failed to intervene to stop his assault. *Id.* Specifically, Plaintiff alleges that Holton restrained him, Swiney attacked him, and Hancock did nothing to stop the attack. *Id.* According to Plaintiff, following the assault, he was "bleeding from the mouth and nose and had a serious head injury." (Doc. 1, p. 6). Despite Plaintiff's obvious resultant injuries, Defendants denied him medical care. *Id.* Plaintiff claims he is still experiencing "painful migraine headaches." *Id.*

The exhibits attached to the Complaint indicate that Plaintiff continues to have regular contact with Defendants, who may be harassing him, and that Plaintiff fears for his safety. They also suggest that Plaintiff is still seeking treatment for injuries related to the assault. (*See* (Doc.

---

to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief. 28 U.S.C. § 1915A(b).

[2] Pursuant to 28 U.S.C. § 1915(g), an inmate is prohibited from bringing a civil action IFP, "if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." *See* 28 U.S.C. § 1915(g).

1, p. 10) ("C/O Holton who held the chains while I got beat still around me daily and just wrote me a ticket Saturday 5-19-18. I'm being picked on by the same C/Os that's in my grievance. I'll never make it here…Please transfer me from Pinckneyville please."); (Doc. 1, p. 14) ("My back still hurts.[3] I came to Pinckneyville with a bottom bunk permit because of my back. I still get no treatment and get cold stares from officers all the time. After all officers watched me get beat and called niggers and just watched like it was normal to them, I'm scared to be around them."); (Doc. 1, p. 14) ("this is my 11th time turning in this grievance in. Please help me get a response and some medical treatment please."); (Doc. 1, p. 17) ("I'm scared to be in Pinckneyville. I even refuse my meds while in 5 house because I have to cuff up to get them. I don't know if they are going to beat me again. They are all friends. I get mean stares and comments about being a mental health lab rat all the time. Please help me…I am 100% scared to be here. I swallowed metal pieces trying to get away from this treatment…I swallowed batteries to get away from this treatment…")).

**IFP Motion**

Review of documents filed on the Public Access to Court Electronic Records ("PACER") website (www.pacer.gov)[4] reveals that Plaintiff filed three or more prior actions that were dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted.[5] *See Hayes v. Cermack Health Services*, No. 16-cv-5289 (N.D. Ill., dismissed July 29, 2016); *Hayes v. Dart*, No. 16-cv-5290 (N.D. Ill., dismissed July 29, 2016); *Hayes v. Dart*, No.

---

[3] Plaintiff's alleged back injury is referenced in the exhibits, but not in the Complaint. It is unclear whether the alleged assault affected what appears to have been a preexisting back injury.

[4] Court documents are public records, and the Court can take judicial notice of them. *See Henson v. CSC Credit Servs.*, 29 F.3d 280, 284 (7th Cir. 1994).

[5] Plaintiff is **WARNED** that he must disclose each suit that resulted in the assessment of a "strike" under 28 U.S.C. § 1915(g) when seeking IFP status in this District. Failure to do so may result in sanctions that include, but are not limited to, the denial of IFP and/or dismissal of the suit.

16-cv-5292 (N.D. Ill., dismissed June 24, 2016). Each of these dismissals resulted in the assessment of a "strike" under 28 U.S.C. § 1915(g). *Id*.

Because Plaintiff has accumulated three "strikes" for purposes of § 1915(g), he may not proceed IFP unless he is under imminent danger of serious physical injury. 28 U.S.C. § 1915(g). To meet the imminent danger requirement of § 1915(g), a plaintiff must allege a physical injury that is imminent or occurring at the time he files his complaint, and must show that the threat or prison condition causing the physical injury is real and proximate. *Ciarpaglini v. Saini*, 352 F.3d 328, 330 (7th Cir. 2003) (citing *Lewis v. Sullivan*, 279 F.3d 526, 529 (7th Cir. 2002); *Heimermann v. Litscher*, 337 F.3d 781 (7th Cir. 2003)). "Allegations of past harm do not suffice" to show imminent danger, and when prisoners "allege only a past injury that has not recurred, courts deny them leave to proceed IFP." *Id*. at 330 (citing *Abdul-Wadood v. Nathan*, 91 F.3d 1023 (7th Cir. 1996)). *See also* Lewis v. Sullivan, 279 F.3d 526, 531 (7th Cir.2002) ("imminent danger" exception is available "for genuine emergencies," where "time is pressing" and "a threat ... is real and proximate).

Here, Plaintiff's Complaint and attached exhibits contain allegations that lead the Court to conclude Plaintiff could be under imminent danger of serious physical injury. Plaintiff contends that on December 1, 2017, he was assaulted by Defendants, resulting in a severe head injury. Although Plaintiff filed this case approximately eight months after the alleged occurrence, there are indications that he continues to have regular contact with Defendants, who may be harassing or intimidating him, and that he fears for his safety. These allegations suggest that the alleged danger could recur. Additionally, Plaintiff claims he is presently suffering from painful migraine headaches, apparently related to his untreated head injury, and the attached exhibits indicate Plaintiff continues to seek medical treatment for injuries stemming from the

alleged assault. These allegations also appear to support a finding of imminent danger. *See Ciarpaglini v. Saini*, 352 F.3d 328, 331 (7th Cir. 2003) (discouraging district courts from scrutinizing whether a plaintiff's allegations of ongoing or imminent harm are "serious enough" to qualify for the imminent danger exception and citing case where inmate's continuing headaches met that standard).

Accordingly, Plaintiff is eligible to proceed IFP under 28 U.S.C. § 1915(g), but only with regard to his Eighth Amendment claims for excessive force, failure to intervene, and medical care. These are the only claims associated with the Court's imminent danger finding. *See Luedtke v. Bertrand*, 32 F.Supp.2d 1074, 1077 (E.D. Wis.,1999) ("[A]llow[ing] a prisoner to get around this gate-keeping mechanism by joining an allegation of imminent injury with a parade of other claims having nothing to do with an imminent danger to a prisoner's physical well-being would quickly eviscerate the three-strike rule....").

Accordingly, Plaintiff's IFP Motion (Doc. 2) shall be **GRANTED** with respect to the claims specified above. The initial partial filing fee and payment scheme will be set forth in a separate order.

### 1915A Review

Based on the allegations of the Complaint and consistent with the Courts imminent danger finding, the Court divides the *pro se* action into the following counts. The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. The designation of these counts does not constitute an opinion regarding their merit. Any other claim that is mentioned in the Complaint but not addressed in this Order is dismissed without prejudice.

**Count 1:** Eighth Amendment claim against Swiney and Holton for using excessive force against Plaintiff on or around December 1, 2017.

> **Count 2:** Eighth Amendment claim against Hancock for failing to intervene and protect Plaintiff on or around December 1, 2017.
>
> **Count 3:** Eighth Amendment claim against Swiney, Holton, and Hancock for denying Plaintiff medical care for the injuries he sustained on or around December 1, 2017.

The Court finds that the Complaint states plausible Eighth Amendment claims for (1) excessive force against Swiney and Holton; (2) failure to intervene against Hancock; and (3) deliberate indifference to a serious medical need against Swiney, Holton, and Hancock. Accordingly, Counts 1 through 3 shall receive further review.

## Disposition

**IT IS HEREBY ORDERED** that, for the reasons stated, Plaintiff's motion for leave to proceed *in forma pauperis* (Doc. 2) is **GRANTED IN PART AND DENIED IN PART**, in that Plaintiff may proceed as a pauper as to Counts 1-3, designated as follows:

> **Count 1:** Eighth Amendment claim against Swiney and Holton for using excessive force against Plaintiff on or around December 1, 2017.
>
> **Count 2:** Eighth Amendment claim against Hancock for failing to intervene and protect Plaintiff on or around December 1, 2017.
>
> **Count 3:** Eighth Amendment claim against Swiney, Holton, and Hancock for denying Plaintiff medical care for the injuries he sustained on or around December 1, 2017.

**IT IS FURTHER ORDERED** that the initial partial filing fee and payment scheme will be set forth in a separate order.

**IT IS FURTHER ORDERED** that the Complaint (Counts 1-3 only) shall receive further review.

The Clerk of the Court is **DIRECTED** to add **SCOTT THOMPSON**, the Acting Warden of Pinckneyville, as a defendant (official capacity only) for purposes of carrying out any injunctive relief that might be granted. *See Gonzales v. Feinerman*, 663 F.3d 311, 315 (7th Cir. 2011).

The Clerk of Court shall prepare for Defendants **SWINEY, HOLTON,** and **HANCOCK**, in their individual capacities, and **THOMPSON** in his official capacity: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the complaint, and this Memorandum and Order to each Defendant's place of employment as identified by Plaintiff.

If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that Defendant, and the Court will require that Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

With respect to a Defendant who no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to United States Magistrate

Judge Stephen C. Williams for further pre-trial proceedings.  Further, this entire matter shall be **REFERRED** to United States Magistrate Judge Williams for disposition, pursuant to Local Rule 72.2(b)(3) and 28 U.S.C. § 636(c), *if all parties consent to such a referral.*

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under Section 1915, Plaintiff will be required to pay the full amount of the costs, notwithstanding that his application to proceed *in forma pauperis* has been granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that at the time application was made under 28 U.S.C. § 1915 for leave to commence this civil action without being required to prepay fees and costs or give security for the same, the applicant and his or her attorney were deemed to have entered into a stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court, who shall pay therefrom all unpaid costs taxed against plaintiff and remit the balance to Plaintiff. Local Rule 3.1(c)(1).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**Dated: August 10, 2018**

> **s/ MICHAEL J. REAGAN**
> **Chief Judge**
> **United States District Court**